United States District Court
Southern District of Texas

**ENTERED**

July 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **NELSON NGELE NKEMBI,** | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00868** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 6). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel. After considering the petition, its attachments, the motion, and applicable law, the Court concludes that the motion should be granted, and the petition will be dismissed without prejudice.[1]

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the non-moving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

According to the petition, Petitioner is a citizen of Cameroon. (Dkt. No. 1 at 5).[2] He has been detained in immigration custody since January 2, 2025, after he entered the United States without inspection and was apprehended. (*Id.*). Petitioner was ordered removed on July 9, 2025. (*Id.*). He appealed his order of removal to the Board of Immigration Appeals (BIA) on July 30, 2025. (*Id.*). While the appeal was pending,

---

[1] The Court recognizes that its most recent order permitted Petitioner to file supplemental briefing on *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 2, 2026). (Dkt. No. 8). Upon further review, the Court finds that *Sosnava* is clearly inapplicable to Petitioner's case and the Court does not require reply briefing.

[2] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

Petitioner filed the instant petition. (Dkt. No. 1). However, Petitioner's appeal was dismissed by the BIA on May 14, 2026. (Dkt. No. 6-3).

Respondents move for summary judgment, asserting that Petitioner's detention authority is Section 1231, and therefore, his detention is presumed to be reasonable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner replies that he is appealing the BIA denial to the Fifth Circuit and seeking a stay of removal. He maintains that he is still entitled to habeas relief.

Section 1231 governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is prolonged and unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.*

Here, Petitioner fails to address or overcome the six-month presumption of reasonableness. His order of removal became final on May 14, 2026, when his BIA appeal was dismissed. *See* 8 C.F.R. § 1241.1(a). Petitioner has been detained four roughly two months since his order became final, which is several months short of the presumptively reasonable six months. For this reason, Petitioner does not demonstrate that his detention is unlawful. *See, e.g.*, *Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (finding that a challenge to prolonged detention was premature when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period").

Because Petitioner has not been in custody past the presumptively reasonable period set forth in *Zadvydas* and does not present facts to overcome the presumption, his petition is dismissed without prejudice as premature.

For the reasons stated above, Respondents are entitled to judgment as a matter of law, and the Motion for Summary Judgment, (Dkt. No. 6), is **GRANTED**. The petition, (Dkt. No. 1), is **DISMISSED without prejudice**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 10, 2026.

_____
John A. Kazen
United States District Judge

3 / 3